**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALBERT ROSS, #B81154,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 25-cv-01891-SMY** |
| | ) | |
| **RHONDA ROGERS,** | ) | |
| **SGT. DILG,** | ) | |
| **SGT. TROTTER,** | ) | |
| **NURSE K KATE,** | ) | |
| **NURSE LAURA,** | ) | |
| **NURSE JANE DOE 1** | ) | |
| **and NURSE JANE DOE 2,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Albert Ross filed a First Amended Complaint pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations arising from an Ozempic needle injury at Big Muddy River Correctional Center. (Doc. 14, pp. 1-12). He seeks declaratory, monetary, and injunctive relief. *Id*. at 11. The First Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### First Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 14, pp. 1-12): Plaintiff went to Big Muddy River Correctional Center's Health Care Unit (HCU) for his weekly Ozempic injection on or around January 14, 2025. *Id*. at 8. While administering his shot, Nurse Rhonda Rogers (Nurse Rhonda) pushed the pen into the back of Plaintiff's arm so hard that she began shaking. The pen then dragged down his arm. Nurse Rhonda said the pen slipped out

1

of her hand. *Id*. at 9. Plaintiff claims the needle would have retracted if the pen slipped from her hand. Instead, it left a long cut that bled. Nurse Rhonda made no attempt to clean up the blood or follow standard injury protocols issued by the Illinois Department of Corrections. *Id*.

Sergeant Dilg was working as the HCU desk sergeant at the time. *Id*. at 10. When Plaintiff showed him the wound, Sergeant Dilg assured him that he would "be okay" and recommended wrapping the cut. Sergeant Dilg also failed to follow injury protocols issued by the Illinois Department of Corrections. *Id*.

Based on the allegations, the Court designates the following claims in the *pro se* First Amended Complaint:

**Count 1:** Eighth Amendment claim against Nurse Rhonda for cutting Plaintiff's arm with an Ozempic needle on or around January 14, 2025.

**Count 2:** Claim against Nurse Rhonda and Sergeant Dilg for disregarding Plaintiff's Ozempic needle wound on or around January 14, 2025, in violation of standard injury protocols issued by the Illinois Department of Corrections.

Any other claim mentioned in the First Amended Complaint but not addressed herein is dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## Discussion

### Preliminary Dismissals

Plaintiff identifies the following defendants in the First Amended Complaint but makes no allegations against them: Nurse K. Kate, Nurse Laura, Sergeant Trotter, Nurse Jane Doe 1, and Nurse Jane Doe 2. Invoking the name of a potential defendant is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). When a plaintiff fails to mention a defendant in his statement of claim or make any allegations against them, that defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV.

P. 8(a)(2).  Therefore, Defendants Nurse K. Kate, Nurse Laura, Sergeant Trotter, Nurse Jane Doe 1, and Nurse Jane Doe 2 will be dismissed from this action.

**Count 1**

Plaintiff's claim stems in part from the force used while administering medical care.  The Eighth Amendment prohibits the wanton and unnecessary infliction of pain on incarcerated persons.  U.S. CONST. Amend VIII.  When bringing an excessive force claim, a plaintiff must describe force that is "not [part of] a good-faith effort to maintain or restore discipline" but rather force that is "maliciously and sadistically [aimed] to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 889-90 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

When pursuing a claim based on the denial of medical care, a plaintiff must describe an objectively serious medical need and deliberate indifference by the defendant.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  An objectively serious medical need is one that has been diagnosed by a physician as requiring treatment or the need for treatment would be obvious to a lay person.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  Deliberate indifference occurs when a defendant knows about and disregards an excessive risk to inmate health.  *Id*.

The First Amended Complaint fails to state a viable claim under either Eighth Amendment standard.  Plaintiff describes a one-time incident involving a needle that cut the back of his arm following an injection.  According to Plaintiff Nurse Rhonda explained that the needle slipped from her hand as she administered the shot.  He also makes no claim of serious injury, beyond a cut that bled temporarily and reports no subsequent injuries, such as infection.  The allegations describe a single incident that occurred seventeen months ago and no more recent threats of harm or actual harm resulting from this injury.  At most, Plaintiff describes negligence or even gross

3

negligence, but not deliberate indifference. *McCottrell v. White*, 933 F.3d 651, 670 (7th Cir. 2019). Count 1 will be dismissed with prejudice for failure to state a claim against Nurse Rhonda Rogers.

## Count 2

Plaintiff claims that Nurse Rhonda and Sergent Dilg failed to follow standard injury protocols issued by the Illinois Department of Corrections when failing to treat his cut. Plaintiff does not identify the protocols and he cannot rely on Section 1983 to enforce state regulations or policies. *See James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) (citing *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010)); *White v. Olig*, 56 F.3d 817, 821 (7th Cir. 1995) (holding that "failure to follow procedures mandated by state but not federal law . . . can only establish a state law violation" and "are not remediable under Section 1983"). Therefore, Count 2 will be dismissed with prejudice for failure to state a claim against Nurse Rhonda Rogers and Sergeant Dilg.

## Disposition

The First Amended Complaint, including **COUNT 1** against **NURSE RHONDA ROGERS** and **COUNT 2** against **NURSE RHONDA ROGERS** and **SERGEANT DILG**, is **DISMISSED** with prejudice for failure to state a claim. **ALL OTHER DEFENDANTS** are also **DISMISSED** with prejudice from this action because no claim is stated against them. The entire action is **DISMISSED with prejudice**. Plaintiff is **ADVISED** that this dismissal shall count as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate

filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:    June 2, 2026**

_____
**STACI M. YANDLE**
**Chief U.S. District Judge**